IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PRE WAR ART, INC., d/b/a GAGOSIAN GALLERY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STANFORD COINS & BULLION, INC., and DILLON GAGE, INC. OF DALLAS d/b/a THE DILLON GAGE GROUP and d/b/a DILLON GAGE METALS,<br><br>　　　　Defendants. | Case No.: 3:09-CV-00559-N |

## LIMITED OBJECTION OF PRE-WAR ART, INC. TO DILLON GAGE, INC. OF DALLAS' MOTION FOR CONTINUANCE PURSUANT TO RULE 56(D)

Plaintiff Pre-War Art, Inc. (the "Gallery"), by its attorneys, Storch Amini & Munves PC, as and for its limited objection to the Motion for Continuance Pursuant to Rule 56(D) of Dillon Gage, Inc. of Dallas (the "Motion"), respectfully represents to the Court as follows:

1.　　On April 29, 2011, the Gallery filed its Motion for Partial Summary Judgment ("MPSJ"). The response of Dillon Gage, Inc. of Dallas ("Dillon") is currently due on May 20, 2011 pursuant to Rule 56(c)(1)(B) of the Federal Rules of Civil Procedure. Subsequent to its filing, Dillon requested a thirty (30) day extension of Dillon's time to respond to the MPSJ. Dillon also requested to take the deposition of Melissa Lazarov prior to the expiration of this extension. As a matter of courtesy, the Gallery agreed to the requested extension and agreed to produce Ms. Lazarov for deposition on May 24, 2011 at the offices of its counsel.

2.　　Rather than documenting this agreement in a letter or stipulation, as both the Gallery and counsel for the Receiver suggested, Dillon insisted on making a substantive motion for a continuance. Dillon provided at least two drafts of the proposed motion to counsel for the Gallery.

The Gallery indicated in writing its opposition to the proposed motion. Shortly before filing the Motion, the Gallery provided specific comments concerning factual inaccuracies and mischaracterizations of both the MPSJ and the Gallery's recently-filed First Amended Complaint.[1] The Gallery also objected to and specifically rejected any implication Dillon was entitled to a continuance under Federal Rule 56(D).

3. Rather than address these comments, Dillon took the position that, because the Gallery did not oppose the relief sought, Dillon could file the Motion as unopposed, regardless of the Gallery's objections. Shortly thereafter Dillon filed the instant Motion with minor revisions to the proposed draft.

4. Thus, beyond the limited relief to which it has consented, the Gallery must note its objection to the Motion. Specifically, the Gallery objects to the characterizations of the relief sought by the MPSJ, the claims brought in the First Amended Complaint, and the assertion that there exist any facts currently unavailable to Dillon necessary for its response to the MPSJ.

WHEREFORE, the Gallery files this limited objection on the grounds set forth herein. The Gallery does not oppose the relief sought by the Motion.

Dated: May 18, 2011                    Respectfully submitted,

                                        **STORCH AMINI & MUNVES PC**

                                        By: _____
                                            Bijan Amini (admitted *pro hac vice*)
                                            Matthew Kane (admitted *pro hac vice*)
                                        Two Grand Central Tower
                                        140 East 45th Street, 25th Floor
                                        New York, New York 10017
                                        (212) 490-4100
                                        (212) 490-4208 (fax)
                                        *Of Counsel for Pre-War Art, Inc. d/b/a Gagosian Gallery*

---

[1] Dillon failed to correct a number of the issues raised by the Gallery. For example, the Motion incorrectly states that the Gallery's First Amended Complaint was filed with leave of this Court. Motion at ¶ 2. The First Amended Complaint was filed upon Dillon's consent. In addition, the Motion mischaracterizes both the nature of the claims raised in the Amended Complaint and the relief sought by the PMSJ. See Motion at ¶¶ 2, 4.

2