IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRE-WAR ART, INC. and <br> GAGOSIAN GALLERY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> STANFORD COINS & BULLION, INC., <br> and DILLON GAGE, INC. of DALLAS <br> d/b/a THE DILLON GAGE GROUP and <br> d/b/a DILLON GAGE METALS, <br><br> Defendants. | § § § § § § § § § § § § § § | Case No. 3:09-CV-0559-N |

**RECEIVER'S RESPONSE TO MOTION OF PRE-WAR ART, INC.
FOR PARTIAL SUMMARY JUDGMENT**

Receiver Ralph S. Janvey (the "Receiver"), on behalf of Stanford Coins & Bullion, Inc. ("SCB"), submits this Response to Motion of Pre-War Art, Inc. (the "Gallery" or "Gagosian Gallery") for Partial Summary Judgment. [*See* Docs. 41, 42, and 43.] Each of the required matters listed in Local Rule 56.4(a) will be set forth in the Brief in support of this Response.

The Court should deny the Gallery's Motion for Partial Summary Judgment. The Gallery ordered 100 gold bars from SCB on February 2, 2009. The Gallery paid SCB for the gold bars but did not receive them prior to the appointment of the Receiver over the Stanford entities, including SCB. Because SCB did not possess the gold bars at the time the Receiver was appointed, the Gallery's unsecured claim against SCB must be submitted to and resolved through the claims process to be instituted by the Receiver.

The Gallery, however, attempts to circumvent this result by suing Dillon Gage, a vendor from which SCB ordered the gold bars that SCB intended to supply to the Gallery. While Dillon Gage certainly is liable for the return of the money it received from SCB for the gold bars, it is liable to the Receiver and not the Gallery. The Gallery's claims against Dillon Gage — breach of contract (both as a direct claim alleging that SCB was the Gallery's agent and, alternatively, as a third-party beneficiary), conversion, and unjust enrichment — ignore the clear evidence that the Gallery's only transaction and dealings were with SCB and not Dillon Gage. Thus, the Gallery is not entitled to summary judgment against Dillon Gage.

Because the Gallery's only recourse is as an unsecured creditor of the Receivership Estate, the Gallery's motion for partial summary judgment as to SCB — on both the Gallery's breach of contract claim and the request for a declaratory judgment that it is entitled to the recovery the Receiver obtains from Dillon Gage — should likewise be denied. The Gallery's attempts to justify why it should be treated differently — and much more favorably — than other victims of the Stanford scheme have no legal or factual support.

## CONCLUSION & PRAYER

For the foregoing reasons, and for the reasons further described in the accompanying Brief, the Receiver requests that the Court deny the Gallery's Motion for Partial Summary Judgment and grant the Receiver such other and further relief to which he may be justly entitled.

Dated: August 19, 2011.    Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Kevin M. Sadler*
    Kevin M. Sadler
    Texas Bar No. 17512450
    kevin.sadler@bakerbotts.com
    Robert I. Howell
    Texas Bar No. 10107300
    robert.howell@bakerbotts.com
    David T. Arlington
    Texas Bar No. 00790238
    david.arlington@bakerbotts.com
    1500 San Jacinto Center
    98 San Jacinto Blvd.
    Austin, Texas 78701-4039
    (512) 322-2500
    (512) 322-2501 (Facsimile)

    Timothy S. Durst
    Texas Bar No. 00786924
    tim.durst@bakerbotts.com
    2001 Ross Avenue
    Suite 600
    Dallas, Texas 75201-2980
    Tel: 214.953.6500
    Fax: 214.953.6503

**ATTORNEYS FOR RECEIVER RALPH S. JANVEY, ON BEHALF OF STANFORD COINS & BULLION, INC.**

## CERTIFICATE OF SERVICE

On August 19, 2011, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served the Court-appointed Examiner, all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                */s/ Kevin M. Sadler*
                Kevin M. Sadler