IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRE-WAR ART, INC. d/b/a GAGOSIAN GALLERY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 3:09-cv-559-N |
| STANFORD COINS & BULLION, INC., and DILLON GAGE, INC. OF DALLAS d/b/a THE DILLON GAGE GROUP and d/b/a DILLON GAGE METALS, | § § § § § | |
| Defendants. | § | |

## JOINT PRE-TRIAL ORDER

Plaintiff Pre-War Art, Inc. d/b/a Gagosian Gallery (the "Gallery"), Receiver Ralph S. Janvey on behalf of defendant Stanford Coins & Bullion, Inc. ("SCB" or the "Receiver") and defendant Dillon Gage, Inc. of Dallas d/b/a The Dillon Gage Group and d/b/a Dillon Gage Metals ("Dillon Gage"), by their respective undersigned attorneys, respectfully submit this Joint Pre-Trial Order pursuant to this Court's August 8, 2013 scheduling order (Dkt. No. 95) and Rule 16.4 of the Local Rules of the Northern District of Texas.

### A. SUMMARY OF THE CLAIMS AND DEFENSES OF EACH PARTY

*The Gallery's Statement of Its Claims*[1]

The Gallery brings this action to recover $2,998,883.90 it paid to purchase 100 one-kilo gold bars (the "Gold") on February 2, 2009, plus interest and attorneys fees to the maximum extent permitted by law.

---

[1] By order dated March 19, 2013 (Dkt. No. 93), the Court dismissed the Gallery's claim for unjust enrichment against Dillon Gage. The Gallery reserves all rights with respect to this claim.

1

The Gallery's primary claim is brought against defendant Dillon Gage for breach of contract. The Gallery claims that defendant SCB acted as its broker, and therefore its agent, in entering into a contract with Dillon for the purchase of the Gold. The Gallery claims that it has fully performed its obligations under this contract and that Dillon Gage breached that agreement by failing to deliver the Gold to the Gallery in Los Angeles on March 4, 2009, as agreed.

In the alternative, to the extent that a jury finds that SCB was not acting as the Gallery's agent, the Gallery asserts a claim for breach of contract against Dillon Gage as a third-party beneficiary to a contract providing for the sale of the Gold between Dillon Gage and SCB. The Gallery claims that any contract between SCB and Dillon Gage for the Gold conferred third-party beneficiary status to the Gallery, such that the Gallery has a right to enforce the contract.

Also in the alternative, to the extent that SCB was not acting as the Gallery's agent in entering into a contract for the sale of the Gold and that the Gallery was not a third-party beneficiary of any contract between SCB and Dillon Gage for the Gold, the Gallery asserts a claim against Dillon Gage for conversion. The Gallery alleges that it had a right to the immediate possession of the Gold because Dillon Gage was paid by the Gallery in full for the Gold, SCB was insolvent, and Dillon identified the Gold in its inventory held on SCB's behalf, which it had subcontracted to Dillon the obligation to identify and ship the Gold to the Gallery. In contravention of the Gallery's right to possession, Dillon Gage withheld the Gold for its own purposes. Moreover, Dillon Gage, despite representing to the Court that it would not dispose of the Gold, secretly sold the Gold in the second half of 2009, at a time when the price of Gold had risen significantly from February 2, 2009.

The Gallery also asserts claims against SCB in the alternative to its claims against Dillon Gage. To the extent the jury finds that SCB was not the Gallery's agent, that the Gallery was not

a third-party beneficiary to a contract between SCB and Dillon Gage for the sale of the Gold and Dillon Gage is not liable to the Gallery for conversion, the Gallery asserts a claim for breach of contract against SCB.  The Gallery alleges that, to the extent the Gallery was not a party or third-party beneficiary to the contract between SCB and Dillon Gage, it had a fully formed agreement with SCB for the purchase of the Gold, which the Gallery performed, and SCB breached by failing to deliver the Gold.

Finally, the Gallery also asserts an alternative claim for a declaratory judgment against Dillon Gage and SCB, which need only be considered to the extent the jury does not find in the Gallery's favor on one of its claims against Dillon Gage.  The issues of fact relevant to this claim are set forth in Section C, *infra*, and are largely common to the Gallery's other claims.  For example, the question of agency is relevant to both the Gallery's primary claim against Dillon Gage and its claim for a declaration that it holds superior rights to the Gold and/or its proceeds than those of SCB.  The Gallery proposes that these issues of fact be put to the jury, in the alternative, and that the resulting declaration, if any, be resolved through post-trial briefing to the extent necessary.

*Dillon Gage's Statement of Its Claims and Defenses*

1.      The Gallery entered into a purchase and sale agreement with SCB regarding gold bullion. Before SCB was able to complete the transaction, but after the Gallery paid SCB, SCB was placed in receivership and its assets were frozen. The Gallery and SCB had no principal agent relationship and SCB acted solely on its own account and behalf in placing a different purchase order with Dillon Gage to acquire the gold bullion it needed to complete its agreement with the Gallery.  Pursuant to the parties' arrangement and regular course of conduct at that

3

time, SCB had an account balance due and owing to Dillon Gage. As such, Dillon Gage credited the funds it received from SCB against the account balance. At various times because SCB's account balance exceeded its credit limit, Dillon Gage would hold shipments for SCB's account until SCB reduced its account balance to agreed levels. When SCB eliminated its account balance via a wire transfer in the amount of $3,002,639.10, Dillon Gage shipped orders against the credit balance until the Receiver was appointed over SCB. At the time of the Receiver's appointment, SCB had outstanding orders that exceeded the cash balance in its account. SCB, contrary to its representations, never sent the remaining funds to Dillon Gage to cover the outstanding orders. SCB ultimately cancelled all pending purchase and sale transactions (including the gold bullion agreement at issue) evidenced by agreement with Dillon Gage shortly after the time the SEC appointed the Receiver, and further, demanded and received the return of SCB's remaining credit balance pursuant to Court order. SCB, through its court-appointed receiver, has admitted SCB's agreement for the sale of gold bullion to the Gallery and has allowed the Gallery's claim along with other claimants to the Receiver's estate.

2.      The Gallery's claims based upon agency theory fail because it was never in a principal agent relationship with SCB and SCB never acted on the Gallery's account or behalf in dealing with Dillon Gage; consequently, there is no contract, direct or otherwise, between the Gallery and Dillon Gage. The Gallery's claims as a third-party beneficiary also fail. Because SCB only dealt with Dillon Gage on its own account and behalf and neither it nor Dillon Gage ever intended to directly benefit the Gallery, the Gallery was not a third party beneficiary of any possible purchase and sale contract between Dillon Gage and SCB for gold bullion. Furthermore, because Dillon Gage had no relationship with and owed no duty to the Gallery, and because no proceeds or profits from any gold bullion were made by Dillon Gage, the

4

Gallery is not entitled to a declaration regarding profits or proceeds.  Furthermore, because the Gallery was never the owner, legal possessor or a person entitled to the gold bullion in question, and such gold was not identified by either SCB or Dillon Gage, its conversion claim fails.  As an aside, the economic loss rule also precludes the Gallery's conversion claim as any damages it seeks are also sought in contract and without the existence of a contract the Gallery has no legal right to the gold.

3.     Dillon Gage's refusal to provide the Gallery with gold bars was a qualified good-faith refusal.

4.     Dillon Gage had superior title to any gold bars in its possession.

5.     The Gallery is not entitled to recover pursuant to TEX. BUS. & COM. CODE § 2.502 because it has no "special property" rights.

6.     The Gallery is not entitled to recover pursuant to TEX. BUS. & COM. CODE § 2.722 because the section only applies to goods that are injured. Further, the section is only applicable after goods are identified, and no such identification has ever occurred. Further, the section is also inapplicable because the Gallery never had title, a security interest, a special property interest, or an insurable interest in the goods claimed.

7.     The Gallery's breach of contract action fails against Dillon Gage for failure and/or lack of consideration. Further, it also fails because it violates the statute of frauds. Further, it also fails based on impossibility of performance.

8.     In the unlikely event that the Gallery is deemed a third party beneficiary, its damages are limited to specific performance.

9.     Dillon Gage never contracted to secure a benefit to the Gallery.

10.    Dillon Gage and SCB never entered into a contract directly for the benefit of the

Gallery.

11.     The Gallery claims that Dillon Gage possesses gold bars for which the Gallery has a superior right of possession. However, Dillon Gage does not have t h e  gold bars in its possession as claimed, or, alternatively, Dillon Gage has a superior right to possession to of the gold bullion.

12.     This court has authority pursuant to the Texas Civil Practice and Remedies Code Chapter 37 to establish that such gold bullion is not identified and thus does not exist, or, alternatively, Dillon Gage's right to the gold bullion is superior to the Gallery.

13.     Dillon Gage is entitled to a declaratory judgment that the gold bullion has never been identified, does not exist, or, alternatively, is properly Dillon Gage's and should not be released to the Gallery.

14.     Dillon Gage is further entitled to judgment against the Gallery, pursuant to Texas Civil Practice & Remedies Code § 37.009, for all costs and expenses, including, without limitation, all attorneys' fees, incurred by Dillon Gage as a result of or in connection with this action.

15.     In the unlikely event that Dillon Gage is liable to the Gallery, then Co-Defendant SCB should be liable to Dillon Gage for any damages awarded because SCB never paid Dillon Gage for the gold bars and thus Dillon Gage was never obligated to transfer goods for which it had not received payment.

16.     Dillon Gage is entitled to recover its attorney fees pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code which provides "[i]n any proceeding [for declaratory judgment], the court may award costs and reasonable and necessary attorneys' fees as are

equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009. As such, Dillon Gage

requests this court award Dillon Gage all costs and attorney fees incurred in pursuing this action.


*The Receiver's Statement of His Defenses*

As further described in the Receiver's Proposed Findings of Fact and Conclusions

of Law concurrently filed herewith, the Receiver contends as follows:

- There was no agency relationship between SCB and the Gallery, and there was no contract between the Gallery and Dillon Gage. The Gallery has admitted that its contract to purchase gold was with SCB. Therefore, the Gallery cannot prevail on its breach of contract claim against Dillon Gage.

- There was a contract between SCB and Dillon Gage, but the Gallery was not a third-party beneficiary of that contract. The Gallery had only one agreement for the sale of gold, and that agreement was with SCB. Therefore, the Gallery cannot prevail on its "breach of contract-third party beneficiary" claim against Dillon Gage.

- Dillon Gage did not convert any property of the Gallery because the Gallery did not own or legally possess any such property and was not entitled to possess such property. Therefore, the Gallery cannot prevail on its conversion claim against Dillon Gage.

- Because the Court previously dismissed the Gallery's claim against Dillon Gage for unjust enrichment, the Gallery cannot prevail on that claim.

- SCB breached its contract with the Gallery, and there is no further issue of liability or damages with respect to the Gallery's breach of contract claims against SCB. However, the Gallery's breach of contract claims and request for damages against SCB should be adjudicated in the Receiver's Court-approved claims process, rather than in the instant lawsuit.

- The Gallery cannot prevail on any of its declaratory judgment claims against Dillon Gage, the Receiver, or SCB because the Gallery has failed to state claims upon which relief may be granted. Moreover, the Gallery cannot prevail on any of its duplicative declaratory judgment claims against Dillon Gage because the Gallery cannot otherwise prevail on its causes of action for breach of contract or conversion against Dillon Gage. Furthermore, the Gallery cannot prevail on any of its declaratory judgment claims against SCB and the Receiver because: (a) the Gallery is not a "Category One Asset" customer; (b) the Court has not yet ruled upon the merits of the Receiver's claims against Dillon Gage in the separate lawsuit in Case No. 3:10-CV-1973-

7

N-BG, and it would be inappropriate in the instant case to rule upon the Receiver's rights to the funds SCB paid to Dillon Gage; (c) the Gallery's rights to recovery are properly determined in the Receiver's claims process; and (d) the Gallery should not be allowed to trace any funds for its own recovery at the expense of the other creditor-victims of the Stanford Ponzi scheme.

- Because the Gallery cannot prevail on any of its claims against Dillon Gage, and because Dillon Gage does not set forth any legal theory allowing for recovery pursuant to its crossclaim against SCB, Dillon Gage cannot prevail on its crossclaim.

## B.  STATEMENT OF STIPULATED FACTS

The parties have not been able to reach agreement on any stipulated facts at this time.

## C.  CONTESTED ISSUES OF FACT

*The Gallery's Statement of Contested Issues of Fact*

1.      With respect to the Gallery's claim for direct breach of contract claim against Dillon Gage, the issues of fact to be tried are:

   a.  Whether SCB acted as the Gallery's broker, and therefore agent, in entering into a contract for the sale of 101 one-kilo gold bars with defendant Dillon Gage;

   b.  Whether SCB had actual authority to act on behalf of the Gallery; and

   c.  Whether the Gallery was damaged as a result of the breach.

2.      With respect to the Gallery's alternative claim for breach of contract as a third-party beneficiary against Dillon Gage, the issues of fact to be tried are:

   a.  Whether SCB and Dillon Gage intended, at least in part, that the contract between them directly benefit the Gallery; and

   b.  Whether the Gallery was damaged as a result of the breach.

8

3.      With respect to the Gallery's alternative claim for conversion against Dillon

Gage, the issues of fact to be tried are:

      a.   Whether Dillon identified, shipped, marked, or otherwise designated the Gold

         as the gold to which a contract between the Gallery and SCB for the sale of

         the Gold and a contract between Dillon and SCB referred for shipment to the

         Gallery; and

      b.   Whether SCB was insolvent at the time of the conversion.

4.      With respect to the Gallery's alternative claim for direct breach of contract against

SCB, the issues of fact to be tried are:

      a.   The only question is whether the agreement between the Gallery and SCB was

         one whereby the Gallery was buying the Gold directly from SCB; and

      b.   Whether the Gallery was damaged as a result of the breach.

5.      With respect to the Gallery's alternative claim for a declaratory judgment against

Dillon Gage and SCB,

      a.   Whether Dillon identified, marked, or otherwise designated the Gold as the

         goods to which a contract between Dillon and SCB for the sale of the Gold

         referred;

      b.   Whether the proceeds of the Gold originated with the Gallery and were the

         subject of a contract with the Gallery;

      c.   Whether SCB had the right to use the $2,972,910.00, paid by the Gallery to

         SCB on February 2, 2009, for any purpose other than to purchase the Gold;

d.  Whether SCB received, on February 2, 2009, all financial consideration, i.e., its full commission, in connection with the contract between the Gallery and SCB;

e.  Whether Dillon was aware that the wire transfer Dillon received from SCB on February 2, 2009 in the amount of $3,002,639.10 originated from SCB's customer for the purchase of the Gold; and

f.  Whether SCB instructed Dillon to apply the wire transfer received by Dillon from SCB on February 2, 2009 in the amount of $3,002,639.10 to SCB's order for the Gold.

*Dillon Gage's Statement of Contested Issues of Fact*

1.  Whether the Gallery and SCB agreed that SCB would act as the Gallery's agent with respect to a proposed gold purchase transaction.

2.  Whether the Gallery exercised any control over the actions or conduct of SCB with respect to a proposed gold purchase transaction.

3.  Whether the Gallery assigned specific tasks to SCB in the course of the proposed gold purchase transaction.

4.  Whether the Gallery dictated the means and details of the process used by SCB in the proposed gold purchase transaction.

5.  (unless stipulated to) Whether the Gallery and Dillon Gage had any contact/communication before the gold purchase and sale agreement between Dillon Gage and SCB.

6.      Whether the purchase and sale contract by and between SCB and Dillon Gage clearly and fully expresses the intent to confer a direct benefit on the Gallery.

7.      Whether the purchase and sale contract between SCB and Dillon Gage plainly expresses the obligation of Dillon Gage to sell gold to the Gallery.

8.      Whether the purchase and sale contract between SCB and Dillon Gage unmistakably reflects a contemplation to benefit the Gallery.

9.      Whether SCB and Dillon Gage contemplated that the Gallery would be vested with the right to sue for enforcement of the purchase and sale contract between SCB and Dillon Gage.

10.     (unless stipulated to) Whether SCB failed to pay the full price required by the purchase and sale contract with Dillon Gage.

11.     (unless stipulated to) Whether SCB cancelled the purchase and sale contract and refused to pay the balance of the amount due under the purchase and sale contract with Dillon Gage.

12.     Whether the Gallery was ever the owner, the legal possessor or entitled to the possession of the gold bullion in question.


*The Receiver's Statement of Contested Issues of Fact*

The contested issues of fact with respect to the claims and issues that involve SCB are as follows:

**1.      Was there an agency relationship between the Gallery and SCB?**

There can be no agency relationship between the Gallery and SCB because Melissa Lazarov, the Gallery's employee who acted on behalf of the Gallery to purchase the gold bars from SCB, stated that she intended to buy the gold bars directly from SCB and that she did

11

not intend to authorize SCB to enter into a contract for or on behalf of the Gallery.  Moreover, in response to Dillon Gage's requests for admission, the Gallery has admitted that "Pre-War Art, Inc., doing business as Gagosian Gallery, contracted with Stanford for the purchase of 100 32.15 oz. kilo gold bars."  These admissions foreclose any possibility that SCB was the Gallery's agent, and there is no triable issue of fact with regard to the agency status of SCB.

**2.  Was the Gallery a third-party beneficiary of the contract between SCB and Dillon Gage?**

SCB and Dillon Gage had an unambiguous contract in which SCB was the purchaser of 101 one-kilo gold bars from Dillon Gage and in which Dillon Gage was the seller of 101 one-kilo gold bars to SCB.  None of the parties have pleaded that that contract was ambiguous, and the Gallery was not a party to that contract.  The Court should construe the contract as a matter of law, and there is no issue of interpretation for a fact-finder.  There is no evidence that SCB or Dillon Gage intended to directly benefit the Gallery under the SCB-Dillon Gage contract, as the contract did not clearly and fully spell out SCB's and Dillon Gage's intent to confer a direct benefit to the Gallery.  The SCB-Dillon Gage contract does not plainly express any obligation to the Gallery and does not show that SCB and Dillon Gage unmistakably contemplated a benefit to the Gallery.  Furthermore, SCB and Dillon Gage did not contemplate that the Gallery would have the right to enforce the SCB-Dillon Gage contract.  Because this issue can be resolved as a matter of law, there is no triable issue of fact with regard to the third-party beneficiary status of the Gallery to the SCB-Dillon Gage contract.

**3.  Did SCB ever store or identify, ship, mark, or otherwise designate the 100 undelivered one-kilo gold bars?**

Because SCB never had possession of the 100 undelivered one-kilo gold bars, it was impossible for SCB to ever store or identify, ship, mark, or otherwise designate the 100 undelivered one-kilo gold bars.  No party has even alleged that SCB ever possessed the gold

bars.  As a result, there is no triable issue of fact on the question of SCB's storage and identification of the gold bars.

**4.      Did SCB breach its contract with the Gallery?**

The Receiver stipulates SCB breached its contract with the Gallery, and it has agreed to the damages that the Gallery seeks in the amount of $2,998,630.00.  Because of this stipulation, there is no triable issue of fact with regard to the Gallery's breach of contract claim against SCB.

## D.  CONTESTED ISSUES OF LAW

*The Gallery's Statement of Contested Issues of Law*

1.      With respect to the Gallery's claim for direct breach of contract claim against Dillon Gage, the contested issues of law are:

a.      Whether SCB acted as the Gallery's agent in entering into a contract for the sale of 101 one-kilo gold bars with defendant Dillon Gage.

2.      With respect to the Gallery's alternative claim for breach of contract as a third-party beneficiary against Dillon Gage, the contested issues of law are:

a.      Whether the contract between SCB and Dillon clearly intended to benefit a third party directly, such that Court should allow the third-party to enforce the contract.

3.      With respect to the Gallery's alternative claim for a declaratory judgment against Dillon Gage and SCB,

a.      Whether Gallery is entitled to the proceeds of the Gold and neither Dillon Gage nor SCB are entitled to any such proceeds.

13

     b.   Whether the profits that Dillon Gage made in selling the Gold belong to the Gallery.

     c.   Whether the Gallery is a Category I Asset customer under the Court's January 5, 2010 Order in *S.E.C. v. Stanford Int'l Bank*, Civ. Action No. 09-CV-0298.

     d.   Whether the Receiver has no right to obtain the proceeds of the Gold for the benefit of Ponzi scheme victims because the Receiver has no claim to funds that are not ill-gotten proceeds from the Ponzi scheme and the Gallery has a legitimate claim to those funds in that the funds originated with the Gallery and are the subject of a contract with the Gallery.

4.     With respect to Dillon Gage's counterclaim for a declaratory judgment against the Gallery and awarding Dillon Gage attorney's fees,

     a.   Whether attorney's fees are available under TEX. CIV. PRAC. & REM. CODE § 37.009 in this federal action; and

     b.   Whether the counterclaim fails as a matter of law.

*Dillon Gage's Statement of Contested Issues of Law*

1.     Whether the Gallery and SCB entered into a principal agent relationship with respect to the proposed gold bullion transaction.

2.     Whether Dillon Gage and SCB entered into a gold purchase and sale contract directly for the Gallery's benefit.

3.     Whether the Gallery was a third party beneficiary of the purchase and sale contract between SCB and Dillon Gage.

4.     Whether Dillon Gage was excused from performance under the purchase and sale agreement with SCB due to failure of consideration, cancellation and/or material breach.

5.      Whether SCB failed to perform under the purchase and sale agreement with Dillon Gage.

6.      Whether the Gallery's conversion claim fails due to application of the economic loss rule.

7.      Whether the Gallery was ever the owner, the legal possessor or entitled to the possession of the gold bullion in question.

8.      Whether SCB or Dillon Gage ever identified the gold bullion in question.

*The Receiver's Statement of Contested Issues of Law*

The contested issues of law with respect to the claims and issues that involve SCB are as follows:

1. **Agency — the evidence establishes conclusively, as a matter of law, that SCB was not the Gallery's agent.**

   - An essential element of an agency relationship centers around the principal's right to control the actions of the agent, not only to assign tasks, but also to dictate the means and details of the process by which an agent will accomplish the task.

   - An agent may act for a principal if the agent has either actual or apparent authority.

   - Actual authority is created through words or conduct of the principal communicated to the agent. The actual authority of an agent cannot be based merely on an agent's words or deeds. Actual authority may be express or implied.

   - Express authority is delegated to an agent by words of the principal that expressly and directly authorize the agent to do an act or series of acts on behalf of the principal.

   - Implied authority is the agent's authority to do whatever is necessary and proper to carry out the agent's express powers and exists only as an adjunct to express actual authority.

- Apparent authority is created by words or conduct by the principal to the third party.

2. **Third-Party Beneficiary — as a matter of law, the Gallery was not a third-party beneficiary of the contract between SCB and Dillon Gage.**

- There is a strong presumption against third-party beneficiaries. Any doubt concerning the contracting parties' intent should be resolved against the third party.

- The question of whether a party is a third-party beneficiary to a contract is a matter of contract interpretation. It should only go to a jury if the contract is deemed to be ambiguous. When a contract is not ambiguous, the construction of the written instrument is a question of law for the court. Ambiguity must be pled.

- A third party may recover on a contract made between other parties only if the parties intended to secure some benefit to this party, and only if the contracting parties entered into the contract directly for the third party's benefit. The alleged third-party beneficiary is not one who is benefitted only incidentally by the performance of the contract.

- The intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third party must be denied.

- A contract does not confer third-party rights unless (1) the contract plainly expresses the third-party obligation of the bargain-giver, (2) it is unmistakable that a benefit to the third party is within the contemplation of the primary contracting parties, and (3) the primary parties contemplate that the third party would be vested with the right to sue for enforcement of the contract.

3. **Identification --- the evidence establishes conclusively, as a matter of law, that SCB did not identify the gold bars.**

- If the contract is for the sale of future goods, identification occurs when goods are shipped, marked, or otherwise designated by the seller as goods to which the contract refers. TEX. BUS. & COM. CODE ANN. § 2.501(a)(2).

4. **"Category One Asset" customers --- the Gallery was not a "Category One Asset" customer.**

- "Category One Asset" customers include only 147 SCB customers for whom coins and bullion have been individually marked and stored.

16

5.  **Claims Process & Tracing --- the Gallery's claims against SCB must be adjudicated in the Receiver's claims process.**

    - The Court has broad discretion to fashion equitable remedies in an equity receivership.

    - Claims against an entity in Receivership are to be brought in the Court-approved claims process, rather than in separate litigation against the Receiver or that Receivership entity.

    - A creditor of the Receivership is not allowed to trace the funds it paid to an entity in Receivership in order to recover funds ahead of or greater than the other creditors of the Receivership.

6.  **Defective Declaratory Judgment Claims --- the Gallery's declaratory judgment claims against SCB and the Receiver should be denied.**

    - A party who asserts a declaratory judgment claim but who fails to state a legal basis for that claim cannot prevail on that claim.

    - A party who asserts a declaratory judgment claim duplicative of matters already resolved as part of the other claims in the lawsuit cannot prevail on that claim.

7.  **Defective Crossclaim --- Dillon Gage's crossclaim against SCB should be denied.**

    - A defendant who asserts a crossclaim but who states no legal basis for that crossclaim cannot prevail on that crossclaim.

## E.  ESTIMATE OF THE LENGTH OF TRIAL

The parties estimate that the trial will last 3-5 days.

## F.  ADDITIONAL MATTERS THAT MIGHT AID IN THE DISPOSITION OF THE CASE

*The Gallery's additional matters that might aid in the disposition of the case*

The Gallery respectfully submits that, in addition to the matters identified by the Receiver below, resolution of its Motion in Limine Precluding Reference to Dillon Gage's Attorney's Fees (Dkt. No. 138) would clarify the scope of the claims in this lawsuit.

*Dillon Gage's additional matters that might aid in the disposition of the case*

    None.


*The Receiver's additional matters that might aid in the disposition of the case*

    The Receiver respectfully submits that the Court's expedited ruling on the following motions would significantly clarify the scope of and parties to the March 24th trial in this lawsuit:

- Receiver's Motion to Compel the Gallery to Pursue Claims Against SCB through Receiver's Claims Process [*see* Doc. 112].

- The Gallery's Motion to Consolidate Actions [*see* Doc. 114].

- Receiver's Motion for Summary Judgment Against Dillon Gage [*see* Case No. 3:10-CV-1973-N-BG, Docs. 26-27] (relevant to the resolution of the Gallery's Motion to Consolidate Actions).

- Dillon Gage's Motion to Designate Case as a Non-Jury Action [*see* Doc. 122].

- Receiver's Motion to Abate and for Separate Trial of Dillon Gage's Crossclaim Against SCB [*see* Doc. 123].

- Receiver's Motion in Limine to Preclude the Gallery's Submission of Contrary Evidence [*see* Doc. 139].

## CONCLUSION

    For the foregoing reasons, the parties respectfully request entry of the joint pre-trial order as set forth above.

Dated:  February 21, 2014                    Respectfully submitted,

**HANKINSON LLP**                            **BAKER BOTTS L.L.P.**

By:   s/ Matthew Kane                        By:    s/ David Arlington
    Deborah Hankinson                            Kevin M. Sadler
    Texas Bar No. 00000020                       Texas Bar No. 17512450
    dhankinson@hankinsonlaw.com                  kevin.sadler@bakerbotts.com
    Rick Thompson                                Robert I. Howell
    Texas Bar No. 00788537                       Texas Bar No. 10107300
    rthompson@hankinsonlaw.com                   robert.howell@bakerbotts.com
    750 North St. Paul Street, Suite 1800        David T. Arlington
    Dallas, TX 75201                             Texas Bar No. 00790238
    Phone: (214) 754-9190                        david.arlington@bakerbotts.com
    Fax: (214) 754-9140                          1500 San Jacinto Center
                                                 98 San Jacinto Blvd.
 **STORCH AMINI & MUNVES PC**                 Austin, Texas 78701-4039
    Bijan Amini (admitted *pro hac vice*)        (512) 322-2500
    amini@samlegal.com                           (512) 322-2501 (Facsimile)
    Matthew Kane (admitted *pro hac vice*)
    mkane@samlegal.com                           Timothy S. Durst
    Two Grand Central Tower, 25th Floor          Texas Bar No. 00786924
    140 East 45th Street                         tim.durst@bakerbotts.com
    New York, New York 10017                     2001 Ross Avenue
    (212) 490-4100                               Suite 600
    (212) 490-4208 (fax)                         Dallas, Texas 75201-2980
                                                 Tel: 214.953.6500
*Attorneys for Pre-War Art, Inc. d/b/a/*         Fax: 214.953.6503
*Gagosian Gallery*

                                             *Attorneys for Receiver Ralph S. Janvey, On*
                                             *Behalf of Stanford Coins & Bullion, Inc.*

**KANE RUSSELL COLEMAN &**
**LOGAN PC**

By:   s/ Robert LeMay
    Kenneth C. Johnston
    Texas Bar No. 00792608
    kjohnston@krcl.com
    Robert N. LeMay
    Texas Bar No. 12188750
    rlemay@krcl.com
    Joseph A. Hummel
    Texas Bar No. 24056879
    jhummel@krcl.com
    3700 Thanksgiving Tower

1601 Elm Street
Dallas, Texas 75201
Tel: 214.777.4200
Fax: 214.777.4299

*Attorneys for Defendant Dillon Gage*
*Incorporated of Dallas*

**SO ORDERED.**

_____, 2014.

                                      _____
                                        DAVID C. GODBEY
                                        UNITED STATES DISTRICT JUDGE